UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARBLE MOUNTAIN RANCH, INC.;<br>DOUGLAS T. COLE; HEIDI A. COLE;<br>NORMAN D. COLE; and CAROLYN T.<br>COLE,<br><br>　　　　　Defendants. | No. 2:21-cv-02391 WBS DMC<br><br>MEMORANDUM AND ORDER RE:<br>DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT |

----oo0oo----

Plaintiff United States of America brought this action against defendants Marble Mountain Ranch, Inc., Douglas Cole, Heidi Cole, Norman Cole, and Carolyn Cole, alleging common law negligence and trespass by fire and seeking damages, interest, and penalties. (Compl. (Docket No. 1).) Individual defendants Norman Cole and Carolyn Cole now move for summary judgment on the negligence claim. (Docket No. 21.)[1]

---

[1] The instant motion initially sought summary judgment as

1

I.   Factual Background

Marble Mountain Ranch, Inc. operates a guest ranch in Somes Bar, Siskiyou County, California. (Defs.' Statement of Undisputed Facts ("SUF") (Docket No. 21-2) ¶ 3.) Douglas and Heidi Cole are the sole shareholders of Marble Mountain Ranch, Inc. (Id. ¶ 4.) The ranch operates on a parcel of land owned in joint tenancy by the four individual defendants: Douglas Cole and Heidi Cole (the owners of Marble Mountain Ranch, Inc.), and Norman Cole and Carolyn Cole (Douglas Cole's parents). (Id. ¶ 5.) Norman and Carolyn Cole entered into an agreement with Douglas and Heidi Cole, allowing them to live and operate the ranch on the property. (Pl.'s Statement of Disputed Facts ("SDF") ¶¶ 6, 11.) Norman and Carolyn Cole have never collected any rent or income from the business, nor do they have involvement in the day-to-day operations of the ranch. (See SUF ¶¶ 6, 8, 10-11; SDF ¶¶ 3, 6, 8, 10.) They have not visited the property since years prior to the Marble Fire, which allegedly ignited due to negligent burning of a debris pile on the property and burned land belonging to the United States. (SUF ¶¶ 1, 2, 11.)

II.   Discussion

The United States argues that Norman and Carolyn Cole can be held directly liable for negligence because they were "aware of their son and daughter-in-law's stewardship of the property and operation of a guest ranch on the property," and

---

to all four individual defendants. However, defendants' reply withdrew the motion as to Douglas and Heidi Cole because "there are triable issues of material fact regarding [their] personal involvement." (Reply (Docket No. 24) at 2.)

2

received mortgages on the property, the proceeds of which were given to Douglas and Heidi Cole for improvements to the property. (See Opp'n at 6; SDF ¶¶ 8, 10.)

The United States also points to an alleged telephone call between the Assistant United States Attorney handling this case and Carolyn Cole (which occurred prior to Carolyn Cole obtaining representation) in which Carolyn Cole allegedly "described defensive burning at the Marble Mountain Ranch and denied that the Marble Fire was caused by an escaped burn pile." (Decl. of Emilia P. E. Morris (Docket No. 22-1) ¶ 2.)[2]  At deposition, Carolyn Cole stated that she did not remember this conversation.  (Excerpt of Dep. of Carolyn Cole (Docket No. 24-3) at 5-6.)  In briefing and at oral argument, plaintiff's counsel argued that this alleged call provides evidence of Carolyn Cole's general knowledge of burning practices at the ranch.

The evidence presented by the United States in opposition to defendants' motion fails to establish that Norman and Carolyn Cole had sufficient knowledge of or control over the allegedly negligent burning activities at issue to be held directly liable for the damages caused by the fire.  Mere ownership of the land, co-signing for mortgages, and general knowledge of the ranch's burning practices are not enough.  See

---

[2]  Plaintiff objects to this evidence on the ground that the Rules of Professional Conduct prevent counsel from testifying.  Under California Rule of Professional Conduct 3.7(a), a lawyer may act as both an advocate and a witness with their client's informed written consent.  The court need not rule upon this objection, although counsel now acknowledges that the better procedure would have been to have an investigator talk to a potential defendant.

1 | Thompson v. United States, 592 F.2d 1104, 1109 (9th Cir. 1979)
2 | (California state law does not "extend[] liability or potential
3 | liability to a landowner for dangerous conditions on his land
4 | created by the lessee after the lessee took possession, unless
5 | the landowner had knowledge of the danger or participated in some
6 | way in creating it"); Alcaraz v. Vece, 14 Cal. 4th 1149, 1160
7 | (Cal. 1997) ("Whoever controls the land is responsible for its
8 | safety.  That is why it is normally the tenant rather than the
9 | landlord who is liable to anyone injured as a result of a
10 | dangerous condition on leased land and why this field of tort law
11 | is more accurately described as land occupiers' and possessors'
12 | liability than as landowners' liability.").

13 |       The United States alternatively argues that Norman and
14 | Carolyn Cole, as landlords, can be held vicariously liable for
15 | the negligence of their tenant based on violation of California
16 | Health and Safety Code § 13007, which provides that any "person
17 | who personally or through another wilfully, negligently, or in
18 | violation of law, sets fire to, allows fire to be set to, or
19 | allows a fire kindled or attended by him to escape to, the
20 | property of another" shall be liable.  The plain language of the
21 | statute does not provide for strict liability for the actions of
22 | another, but rather requires that to be held liable an individual
23 | must have acted negligently.  See id.; Presbyterian Camp & Conf.
24 | Centers, Inc. v. Superior Ct., 12 Cal. 5th 493, 506–07 (Cal.
25 | 2021) (phrase "through another" as used in § 13007 refers to
26 | "situations in which a person will be held liable because they
27 | directed another person to act," and does not "impose liability
28 | on otherwise blameless parties because of the actions of another

1  person").

2  Neither Exact Property & Casualty Company v. Union
3  Pacific Railroad Company, No. 2:21-cv-00928 WBS JDP, 2021 WL
4  2711188 (E.D. Cal. July 1, 2021), nor United States v. Sierra
5  Pacific Industries, 879 F. Supp. 2d 1117 (E.D. Cal. 2012),
6  support the United States' argument that landlords who do not
7  control the activities on the property can be vicariously liable
8  for the negligence of the tenants.  In Exact Property, this court
9  indicated that a landowner has a duty to prevent hazardous
10 natural conditions from escaping and causing injury where the
11 landowner exercised some control over the land, for example
12 through possession or maintenance.  See 2021 WL 2711188, at *2
13 (citing, inter alia, Sprecher v. Adamson Companies, 30 Cal. 3d
14 358, 369 (1981)).  In Sierra Pacific, Judge Mueller held that the
15 defendant landowners could be held directly liable for an escaped
16 fire where they exercised control over the properties, including
17 preapproving a contractor's fire plan and requiring the
18 contractor to implement fire prevention programs, make periodic
19 inspections, and investigate and report damage incidents to the
20 landowners.  See 879 F. Supp. 2d at 1123-24.

21 Here, there is insufficient evidence to support any
22 reasonable inference that Norman and Carolyn Cole exercised any
23 control over the activities which allegedly resulted in the fire,
24 or that they even had the power to do so had they known of such
25 activities.

26 IT IS THEREFORE ORDERED that defendants' motion for
27 summary judgment (Docket No. 21) be, and the same hereby is,
28 GRANTED in favor of defendants Norman Cole and Carolyn Cole on

plaintiff's claim for negligence as to those defendants.

Dated: June 28, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE