UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| UNITED STATES OF AMERICA, | No. 2:21-cv-02391 WBS DMC |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO INTERVENE[1] |
| MARBLE MOUNTAIN RANCH, INC.; DOUGLAS T. COLE; HEIDI A. COLE; NORMAN D. COLE; and CAROLYN T. COLE, | |
| Defendants. | |

----oo0oo----

The United States government brought this action pertaining to fire suppression costs and other damages caused by the Marble Fire. (See Docket No. 1.) The parties settled the case on July 14, 2023. (See Docket No. 29.) On February 1, 2024, Konrad Fisher moved pro se to permissively intervene in this case, stating that the Marble Fire damaged his property and

---

[1] This matter was taken under submission without oral argument pursuant to Local Rule 230(g). The scheduled April 1, 2024 hearing on the motion is hereby VACATED.

1

1   that he is concerned the settlement between the parties will
2   leave inadequate insurance funds to cover his damages, which he
3   is already pursuing in a pending state court action.  (See Docket
4   Nos. 38, 42.)
5        Pursuant to Rule 24(b), "[o]n timely motion, the court
6   may permit anyone to intervene who . . . has a claim or defense
7   that shares with the main action a common question of law or
8   fact."  Fed. R. Civ. P. 24(b)(1).  "If the court finds that the
9   motion to intervene was not timely, it need not reach any of the
10  remaining elements of Rule 24," and therefore a "finding of
11  untimeliness defeats a motion for permissive intervention."  See
12  United States v. State of Wash., 86 F.3d 1499, 1507 (9th Cir.
13  1996).  In determining whether a motion to intervene is timely,
14  the court considers the totality of the circumstances, including
15  "(1) the stage of the proceeding at which an applicant seeks to
16  intervene; (2) the prejudice to other parties; and (3) the reason
17  for and length of the delay."  Smith v. Los Angeles Unified Sch.
18  Dist., 830 F.3d 843, 854 (9th Cir. 2016).
19       The court finds that Mr. Fisher's motion is not timely
20  given the stage of this case, where the parties reached a
21  settlement nearly seven months prior to Mr. Fisher's motion,
22  following more than two years of litigation.  Allowing
23  intervention at this stage could "jeopardize[e] [the] settlement,
24  to the potential prejudice of all the parties concerned in the
25  underlying action, for the sake of a proposed intervenor who
26  waited [to move to intervene] until the original parties had
27  already reached an agreement to settle."  See Empire Blue Cross &
28  Blue Shield v. Janet Greeson's A Place For Us, Inc., 62 F.3d

1217, 1221 (9th Cir. 1995); see also Cosgrove v. Nat'l Fire & Marine Ins. Co., 770 F. App'x 793, 795 (9th Cir. 2019) (affirming denial of permissive intervention "because the case had been dismissed pursuant to a settlement of the parties" and permitting intervention could have "the potential effect of negating the settlement").

Accordingly, the motion to intervene (Docket No. 38) is DENIED.  In light of the parties' stipulation to dismiss the case (Docket No. 41), the Clerk of Court is instructed to close this case.

IT IS SO ORDERED.

Dated:  February 28, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3